# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

---

Charles Joseph
D. Maimon Kirschenbaum
Denise A. Schulman
Josef Nussbaum
Laura Reznick

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.JK-LLP.com

May 31, 2016

**VIA ECF**

Hon. Gabriel W. Gorenstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: **Fernandez, et al. v. C-Penn Foods Inc., et al.**
      **Civil Action No.: 1:15-cv-06872**

Dear Judge Gorenstein:

  We represent the Plaintiffs in the above-referenced action. I write pursuant to Local Civil Rule 37.2 and the Court's Individual Practices to request an informal conference to address Defendants' outstanding document production. I conferred with Defendants' counsel Michael Giampilis on multiple occasions, most recently by phone on May 17, 2016 for approximately five minutes, about Defendants' outstanding document production. On this phone call, Mr. Giampilis did not object to producing any of the outstanding documents I identified. He merely stated that his client needed more time to look for the documents. He further stated that he expected to be able to produce the remaining documents by May 27, 2016. I told Mr. Giampilis on that call that if he did not produce the remaining documents (or tell me that the documents were not found after a diligent search) by May 27, 2016, I would consider the parties to be at an impasse and would seek the Court's intervention. While Defendants produced some documents on May 27, 2016, other documents are still outstanding, and Defendants have not stated that they were unable to locate them after a diligent search.

  This is a wage and hour case. The Plaintiffs worked as servers and bussers at Defendants' restaurant, Stage Door Deli. Plaintiffs have asserted claims for unpaid minimum wage, overtime, and spread of hours compensation, as well as Defendants' failure to provide the wage notices required under New York law. There are five named Plaintiffs and three Opt-In Plaintiffs (collectively, "Plaintiffs"). Although Plaintiffs served their discovery requests on January 4, 2016, many responsive documents remain outstanding. As stated above, when I conferred with Defendants' counsel on May 17, 2016, he did not object to producing the outstanding documents.

  The following responsive documents are outstanding:

1. Pay stubs for two Opt-In Plaintiffs, Israel Diaz and Miguel Diaz.

2. Handwritten time records.

3. May 14, 2015 weekly employee time and payment record for Felix Olivares and Mr. Olivares' pay records from December 17 to 31, 2013 and June 30, 2014.

1

    4. Wage notices Defendants contend were provided to Plaintiffs.

    5. Documents regarding the United States Department of Labor's ("DOL") investigation of Defendants and the resulting consent decree.

Categories 1 to 3 of the outstanding documents[1] all reflect Plaintiffs' compensation and/or hour worked. As such, they are plainly relevant to Plaintiffs' claims for unpaid compensation. Moreover, Defendant Argyris testified at deposition that he has the Opt-In Plaintiffs' paystubs and may have the handwritten time records. Nonetheless, Defendants have neither produced those documents nor stated that they have been unable to locate them after a diligent search.

The wage notices[2] are relevant to Plaintiffs' claim that they did not receive wage notices. Although Defendant Argyris testified at deposition that he provided a wage notice to every employee upon hire, the only wage notice Defendants have produced is an undated one for Plaintiff Olivares. Based on the pay rates listed in the notice – $5 regular rate and $9 overtime rate – it appears that the notice was prepared in 2014, when $9 was the tip credit overtime rate. However, Mr. Olivares started working for Defendants in 2013. Thus, if Defendants gave all Plaintiffs a wage notice when their employment began, as Defendant Argyris testified, there are outstanding wage notices for all Plaintiffs.

The documents relating to the DOL's investigation of Defendants[3] are relevant to whether any violations that may have occurred were willful or committed in good faith. 29 U.S.C. §§ 216, 255; N.Y. Lab. L. § 198. While Defendants have produced the actual consent decree they entered into with the DOL, they have failed to produce documents relating to the DOL's actual investigation, such as communications with the DOL. Such documents will identify the timing and subject matter of the investigation, which bears on the issues of good faith and willfulness.

---

[1] These documents are responsive to a number of Plaintiffs' requests for production, including Request No. 1 ("Plaintiffs' complete personnel files, including but not limited to applications for employment, hire form, payroll information, paystubs, clock-in reports and/or chits, complaints, comments, write-ups, reprimands, disciplinary action (whether formal or informal), employee handbooks, employment contracts, and/or training materials."); Request No. 3 ("All documents concerning Defendants' method(s) of paying Plaintiffs and/or their rates of pay."); Request No. 4 ("All documents concerning information relied upon by Defendants when issuing Plaintiffs' paychecks and/or cash wage payments."); Request No. 5 ("All documents showing the compensation that Defendants paid to Plaintiffs, including but not limited to payroll records, payroll registers, paystubs, paychecks, receipts, ledgers, and documents reflecting cash payments."); Request No. 8 ("All records of hours worked by Plaintiffs, including but not limited to time records, time reports, clock-in reports, clock-in chits, sign-in/sign-out sheets, spreadsheets, and/or any other document which reflects the amount of time worked by Plaintiffs. If there is more than one version of these documents, or if the documents have been adjusted electronically, provide all versions of the documents.").

[2] The wage notices are responsive to several document requests, including Requests Nos. 1 and 3 (quoted in footnote 1) and Request No. 23 ("All notices provided to Plaintiffs pursuant to the New York Labor Law Section 195.").

[3] Documents relating to the DOL's investigation of Defendants are relevant to multiple document requests, including Request No. 31 ("All documents concerning wage and hour investigations and or audits of Defendants or subsidiary of any Defendants by the federal and/or New York Departments of Labor, including but not limited to correspondence, notes, complaints, letters, memoranda, settlement offers, settlement agreements, checks offered to and/or accepted by Plaintiffs, and checks offered to and/or accepted by the federal and/or New York Departments of Labor on Plaintiffs' behalf. This Request is not limited to documents from the Liability Period but rather seeks all responsive documents from any time period.") and Request No. 34 ("All documents concerning and/or supporting any of the Affirmative Defenses listed in Defendants' Answer.").

       Accordingly, we respectfully request that the Court schedule an informal conference to address Defendants' outstanding document production or, in the alternative, order Defendants to produce the outstanding documents. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: Michael Giampilis, Esq. (via ECF)